**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**February 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **A.E., L.E., Z.E., and D.P.**

**No. 18-0722** (Taylor County 18-JA-20, 18-JA-21, 18-JA-22, and 18-JA-23)

**MEMORANDUM DECISION**

Petitioner Mother K.A., by counsel Keith Skeen, appeals the Circuit Court of Taylor County's July 17, 2018, order terminating her parental rights to A.E., L.E., Z.E., and D.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Terri L. Tichenor, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for an improvement period, disregarding the recommendation of the DHHR, relying on D.P.'s testimony, finding that she was not likely to participate in services, and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2018, the DHHR filed a petition alleging that the father utilized inappropriate physical discipline against seven-year-old D.P., including choking the child and cutting the child with a razor, and that petitioner did not provide a safe environment for the children. Additionally, the DHHR alleged that petitioner engaged in domestic violence with the father in the presence of the children and failed to maintain a sanitary home. According to the DHHR, the home was littered with dog feces and presented an overwhelming smell. Finally, the DHHR alleged that petitioner failed to administer the children's medications on a consistent basis. Petitioner waived her preliminary hearing. The circuit court held an adjudicatory hearing in May of 2018. The circuit court found that the DHHR proved by clear and convincing evidence

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

that the children were abused and neglected. Petitioner moved for a post-adjudicatory improvement period, which the circuit court denied.

In June of 2018, the circuit court held the final dispositional hearing and petitioner renewed her motion for a post-adjudicatory improvement period. The DHHR presented evidence that petitioner continued to believe the father's claim that he did not abuse D.P. against the best interests of her children. Further, the evidence showed that petitioner alleged the circuit court and the DHHR were corrupt during the most recent multidisciplinary team ("MDT") meeting. The DHHR suggested that a psychological evaluation might help petitioner recognize her deficiencies. However, the circuit court reasoned that petitioner's failure to acknowledge that her children were abused by the father rendered the conditions of abuse and neglect untreatable. Accordingly, the circuit court denied petitioner's second motion for a post-adjudicatory improvement period and terminated petitioner's parental rights to the children. The circuit court memorialized its decision in its July 17, 2018, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner first argues that the circuit court erred in denying her motion for an improvement period. Petitioner asserts that she demonstrated by clear and convincing evidence that she would comply with an improvement period through her participation in services provided by the DHHR, such as parenting classes, drug screens, and attendance at MDT meetings.[3] We disagree. West Virginia Code § 49-4-610(2) provides that a circuit court may

---

[2]The respective fathers' parental rights have been terminated. According to the parties, the permanency plan for the children is adoption in their current relative foster placement.

[3]In support of this and the following arguments, petitioner, by her counsel, cites to materials that were not provided on appeal, including transcripts of hearings and the circuit

(continued . . . )

grant a post-adjudicatory improvement period when "[t]he respondent files a written motion requesting the improvement period" and "demonstrates, by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period[.]" The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements. . . .").

Further, this Court has held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). The circuit court did not err in denying petitioner's motion for a post-adjudicatory improvement period because petitioner failed to acknowledge the existence of the problem. The circuit court found that D.P. was physically abused by the father, but petitioner consistently denied that the father abused the child. The circuit court's denial of petitioner's motion was consistent with our holding in *Timber M.* that a parent must acknowledge the existence of the problem before treatment can be effective. Accordingly, we find no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period.

Petitioner also argues that the circuit court erred in finding that she was not likely to participate in services. However, the record contains no evidence that petitioner complied with services during the proceedings. Rather, the record reflects that petitioner believed that the DHHR and circuit court were corrupt and no longer believed that any of the allegations in the petition were true. Therefore, we find no error in the circuit court's finding that petitioner was not likely to participate in services.

Next, petitioner argues that the circuit court erred in relying on D.P.'s statements regarding the abuse by the father because D.P. was a "mentally unstable child" and diagnosed with Oppositional Defiant Disorder. Petitioner asserts that the evidence presented showed that children with Oppositional Defiant Disorder are more likely to be dishonest and that D.P. stated

---

court's orders. In fact, petitioner provided only the initial petition and the final dispositional order in the record for her appeal.

he did not know right from wrong.[4] We find petitioner is entitled to no relief. With regard to witness credibility, we have held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). The circuit court found that D.P. was credible and that another child described the "deliberate cutting and choking of the infant child [D.P.]" Further, the record on appeal, such as it is, does not support petitioner's argument. It contains no evidence that D.P. was dishonest or that children with Oppositional Defiant Disorder are generally dishonest. Accordingly, we find petitioner is not entitled to relief.

Finally, petitioner argues that the circuit court erred in terminating her parental rights. Petitioner claims that the circuit court should have allowed her to participate in a psychological evaluation, which was recommended by the DHHR. We disagree. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which the abusing parent "ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child. . . ."

The circuit court correctly found that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future because petitioner failed to acknowledge the existence of the abuse and rendered the problem untreatable. Petitioner consistently denied the abuse that the circuit court found to have occurred by clear and convincing evidence. Therefore, no form of treatment would be successful in treating the abuse petitioner would not recognize. Further, it was clearly necessary for the children's welfare to terminate petitioner's parental rights to avoid further physical abuse.

Petitioner also argues that the circuit court erred in terminating her parental rights because she did not knowingly allow another person to inflict injury on D.P. However, petitioner admits that this Court has held that

> "[p]arental rights may be terminated where there is clear and convincing evidence that the infant child has suffered extensive physical abuse while in the custody of his or her parents, and there is no reasonable likelihood that the conditions of abuse can be substantially corrected because the perpetrator of the abuse has not been identified and the parents, even in the face of knowledge of the abuse, have taken no action to identify the abuser."

---

[4]Again, petitioner, by her counsel, supports her argument with citations to materials that were not provided on appeal.

4

Syl. Pt. 6, *W.Va. Dept. of Health and Human Res. ex rel. Wright v. Doris S.*, 197 W.Va. 489, 475 S.E.2d 865 (1996). Further, "[t]he term 'knowingly' . . . does not require that a parent actually be present at the time the abuse occurs, but rather that the parent was presented with sufficient facts from which [she] could have and should have recognized that abuse has occurred." *Id* at 492, 475 S.E.2d 868, syl. pt. 7. Petitioner asserts that there was no evidence provided that she knew the father abused the children. However, when petitioner was confronted with the clear and convincing evidence of abuse presented to the circuit court at the adjudicatory hearing she continued to deny that the abuse occurred.

We have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). The circuit court did not err in finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected or in finding that termination was necessary for the welfare of the child. Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 17, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: February 15, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison